## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **RUFUS ELLIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CASE NO. 2:21-cv-356 |
| v. ) | |
| ) | **JURY TRIAL REQUESTED** |
| **THE CITY OF MONTGOMERY,** ) | |
| **ALABAMA, a municipal corporation,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, Rufus Ellis, by and through the undersigned counsel of record, and states the following Complaint against the above-named Defendant, the City of Montgomery as forth herein-below.

### I.   JURISDICTION & VENUE

1.   Plaintiff Rufus Ellis files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known the Americans with Disabilities Act Amendments Act ("ADAAA")( 42 U.S.C. § 12101, et seq), and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination and retaliation taken against the Plaintiff.

2.   Plaintiff Ellis filed a charge of disability discrimination with the EEOC in Birmingham, Alabama on September 17, 2019, and filed an amended and supplemental charge of

discrimination on November 2, 2019. Plaintiff received a right-to-sue on March 23, 2021, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

3. Venue is proper in the Northern Division of the Middle District of Alabama, as the alleged actions of the named Defendant occurred in Montgomery County, Alabama.

## II.   PARTIES

4. The named Plaintiff, Rufus Ellis (hereinafter "Plaintiff" or "Mr. Ellis"), is a citizen of the United States and a resident of Cecil, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, the City of Montgomery, Alabama (hereinafter "Defendant" or "City"), is a municipal corporation organized and operating under the laws of the State of Alabama. At all times relevant to this complaint, Plaintiff was employed by the named Defendant.

## III. STATEMENT OF FACTS

6. Mr. Ellis is a fifty-seven (57) year old African-American male. Mr. Ellis attended Alabama State University ("ASU") and received a B.S. in recreation, with a minor in physical education.

7. Upon graduating ASU, Mr. Ellis was drafted by the Kansas City Royals and played minor league baseball from 1985 until 1989. He then worked for Kimberly Clark, a paper company in Georgia, for the next 2-3 years.

8. Mr. Ellis and his wife, Clevette Ellis, moved to Montgomery, Alabama in 1993. Mr. Ellis first worked at Rheem Manufacturing Company for eight (8) years until 2003.

9. In 2003, the City of Montgomery hired Mr. Ellis to serve as the Director of King Hill Community Center under the City's Parks and Recreation Department.

10. Approximately four years later, the City of Montgomery moved Mr. Ellis to serve at the Newtown Community Center, and shortly thereafter, in 2008, the City of Montgomery again transferred Mr. Ellis to serve at the Old Selma Road Community Center.

11. Mr. Ellis remained employed in his position at the Old Selma Road Community Center for over ten (10) years until the City terminated him August 2019.

12. Mr. Ellis avers that he performed excellent work for the City of Montgomery's Parks and Recreation Department for approximately sixteen years, from 2003 until 2019.

13. While employed by the City of Montgomery, Mr. Ellis helped maintain a constructive, safe environment for the kids and adult recreational facilities. He also tried to carefully display good health habits, which included not smoking in front of the kids or adults.

14. In April 2019, Mr. Ellis stumbled at home in his garage. At that time, Mr. Ellis' wife, Clevette, was standing next to Mr. Ellis, and caught him.

15. As a result of this fall in April 2019, and due to other symptoms, Mr. Ellis sought treatment from one or more physicians.

16. Between April 2019 and June 2019, Mr. Ellis saw several physicians, and by June 2019, two physicians had diagnosed Mr. Ellis was with Multiple Sclerosis ("M.S.").

17. With this information, Mr. Ellis did not keep his diagnosis a secret and promptly advised his supervisors and other superiors with the City of Montgomery of his M.S. diagnoses.

18. In addition, in 2019, Mr. Ellis began to suffer symptoms related to his M.S. diagnosis. These symptoms included anxiety, moodiness, weight loss of 18 pounds, depression, and cognitive issues. Nonetheless, Mr. Ellis was still able to perform all the necessary duties and functions of his job with the City.

19.     On August 7, 2019, Mr. Ellis' wife, Clevette Ellis, contacted the City's benefits and payroll office and spoke with Debbie in that office. Clevette Ellis specifically explained to Debbie the results of Mr. Ellis' M.S. diagnosis, the need for possible accommodations, and the medical testing and treatment that would require Mr. Ellis to be absent from work periodically. Mrs. Ellis also requested from Debbie any necessary information regarding the FMLA forms and procedures.

20.     At that time, Debbie informed Mrs. Ellis she needed to speak directly to Ms. Kay McCreery.

21.     With this instruction, Mrs. Ellis promptly provided Ms. McCreery the medical information concerning Mr. Ellis' M.S. diagnosis, necessary accommodations, and the need for intermittent leave for medical testing and treatment. With this information, Ms. McCreery advised Ms. Ellis that she and her husband, Mr. Ellis, needed to work all this out with Fred Thomas, the Parks and Recreation Superintendent.

22.     As instructed by Ms. McCreery, Mr. and Mrs. Ellis prepared to speak with Mr. Fred Thomas about Mr. Ellis's M.S. diagnosis, accommodations, upcoming necessary tests and treatment, and FMLA leave. However, Mr. Fred Thomas never afforded Mr. Ellis nor Mrs. Ellis an opportunity to discuss any of these important matters.

23.     To the contrary, on or about August 8, 2019, one day after Mrs. Ellis had informed Ms. McCreery of her husband's MS diagnosis and upcoming medical testing and treatment, Mr. Thomas, acting on behalf of the City of Montgomery, informed Mr. Ellis he had been terminated.

24.     On or about October 22, 2019, Mr. Ellis challenged his termination in a City-County Personnel Board hearing. At the hearing, the City attempted to portray Mr. Ellis as a sexual harasser of two nurses at the City's Care Here facility where Mr. Ellis and others were randomly drug tested.

25. Mr. Ellis avers that these complaints were greatly inflated, embellished, and orchestrated by the City of Montgomery as a ruse and mere pretext to terminate him from his employment.

26. Mr. Ellis avers that the City's proffered reason for his termination is pretextual, and that the actual reason for his termination was because of his M.S. diagnosis and the City's inaccurate perception that Mr. Ellis was not capable of performing the necessary duties and functions of his job.

27. Based on the foregoing, Mr. Ellis avers that he has been subjected to illegal discrimination and retaliation because of his M.S. diagnosis, in violation of the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 ("ADAAA"), et seq., and in violation of the Family and Medical Leave Act ("FMLA").

28. As a direct and proximate result of the City's wrongful discrimination and retaliation, Mr. Ellis has lost income and benefits, and the ability to care for his family. Mr. Ellis has also suffered severe mental and emotional anguish and incurred costs and attorney's fees to pursue this litigation.

## IV.   CAUSES OF ACTION
### COUNT I.   DISABILITY DISCRIMINATION

29. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 28 above, as if more fully set forth herein and further avers that the City's discrimination against him was due to his disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12101, et seq.

30. Plaintiff also avers the City willfully, and/or maliciously, denied him with any reasonable accommodation, when it terminated him, in violation of the ADAAA, 42 U.S.C. § 12101, et seq.

31. Plaintiff has lost wages and benefits, and suffered extreme mental anguish and emotional distress as a result of the Defendant's actions.

32. Plaintiff avers that he has pursued and exhausted his administrative remedies.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring Plaintiff was discriminated against by the Defendant, due to his disability, or the denial of a reasonable accommodation;

b) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

c) An award of compensatory damages, including mental anguish and emotional distress, to which Plaintiff may be entitled; and

d) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT II.   DISABILITY RETALIATAION

33. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 28 above, as if more fully set forth herein and further avers that the City retaliated against him due to his disability and/or requested accommodations in violation the ADAAA, 42 U.S.C. § 12101, et seq.

34. Plaintiff also avers that the Defendant willfully, and/or maliciously, retaliated against the Plaintiff it terminated him, in violation of the ADAAA, 42 U.S.C. § 12101, et seq.

35. Plaintiff has lost wages and benefits, and suffered extreme mental anguish and emotional distress as a result of the Defendant's actions.

36. Plaintiff avers that he has pursued and exhausted his administrative remedies.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring the Defendant retaliated against the Plaintiff due to his disability and or requested accommodation;

b) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled; and

d) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT III.   FMLA INTERFERENCE
## 29 U.S.C. § 2615(a)(1)

37. Plaintiff realleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 28.

38. Plaintiff in informed and believes, and on that basis alleges, that the City qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Mr. Ellis is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

39. Plaintiff is informed and believes, and on that basis alleges, that he was entitled to leave and employment benefits as defined in the FMLA, 29 U.S.C. §§ 2612 and 2614.

40. Plaintiff is informed and believes, and on that basis alleges, that the City interfered with Mr. Ellis's FMLA leave by refusing to permit Mr. Ellis to request and/or take necessary leave, and by denying Mr. Ellis's employment benefits pursuant to FMLA, 29 U.S.C. §§ 2612 and 2614.

41. Plaintiff is informed and believes, and on that basis alleges, that the City is responsible to Mr. Ellis for damages defined in FMLA, 29 U.S.C. § 2617.

42. As the direct and proximate result of the City's interference with Plaintiff's FMLA leave, and denial of employment benefits required by FMLA, 29 U.S.C. § 2614, Mr. Ellis has incurred, and is now incurring, loss of wages and benefits, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully request that this Court grant him the following relief:

a) Judgment for these costs including, without limitation, lost wages and benefits;

b) back pay from the effective date of termination;

c) lost benefits and medical expenses from the date of termination, including any lost employment benefits from the date of termination;

d) the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617;

e) compensatory damages, including for mental anguish emotional distress;

f) court costs and reasonable attorneys' fees; and

g) equitable and such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT IV.  FMLA RETALIATION
### 29 U.S.C. § 2615(a)(2)

43. Plaintiff realleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 28.

8

44. Plaintiff is informed and believes, and on that basis alleges, that the City qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Mr. Ellis is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

45. Plaintiff is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that the City discriminated and retaliated against Mr. Ellis for requesting, or attempting to request, the leave afforded him by the FMLA, in violation of the FMLA, 29 U.S.C. § 2615(a)(2).

46. Plaintiff is informed and believes, and on that basis alleges, that after requesting or attempting to request leave provided by the FMLA, the City discriminated and retaliated against Mr. Ellis by (a) failing to provide Mr. Ellis with adequate notice, information and leave required by FMLA; (b) refusing to allow Mr. Ellis to request leave; and (c) by wrongfully terminating Mr. Ellis.

47. Plaintiff is informed and believes, and on that basis alleges, that the City violated 29 U.S.C. § 2615(a)(2), and section 825.220 of the FMLA regulations, and is responsible for its violations under the FMLA, 29 U.S.C. § 2617.

48. As the direct and proximate result of the City's FMLA discrimination and retaliation taken by the City, Mr. Ellis has incurred, and is now incurring, a loss of wages and benefits, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that this Court grant him the following relief:

a) Judgment for these costs including, without limitation, lost wages and benefits;

b) back pay from the effective date of termination;

c) lost benefits and medical expenses from the date of termination, including any lost employment benefits from the date of termination;

d)  the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617;

e)  compensatory damages, including for mental anguish,

f)  court costs and reasonable attorneys' fees; and

g)  equitable and such further, other and different relief as the Court may deem appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 17th day of May 2021.

Rufus Ellis, Plaintiff

*/s/ Julian L. McPhillips, Jr.*
Julian L. McPhillips, Jr. (ASB-3744-L74J)
Counsel for Plaintiff

*/s/ K. David Sawyer*
K. David Sawyer (ASB-5793-R61K)
Counsel for Plaintiff

OF COUNSEL:
MCPHILLIPS SHINBAUM, L.L.P.
516 South Perry Street Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321 FAX
**julianmcphillips@icloud.com**

K. David Sawyer – Of Counsel
MCPHILLIPS SHINBAUM, L.L.P.
516 S. Perry Street, Suite 3-D
Montgomery, AL 36104
Telephone: (334) 356-4301
Facsimile: (334) 263-2321
**kdsawyer64@outlook.com**


**SERVE THE DEFENDANT CITY OF MONTGOMERY BY PERSONAL PROCESS SERVER AT:**

**CITY OF MONTGOMERY**
**ATTN. CITY CLERK**
**103 N. PERRY STREET**
**MONTGOMERY, AL 36104**